IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 8:06-1264-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| James Albert Jones, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on James Albert Jones' ("Jones") motion to "[v]acate, [s]et-aside [sic], [r]emand, or [d]ismiss [his] sentence and judgment under Federal Rules [sic] of Civil Procedure 60(b)." For the reasons explained below, the court construes Jones' filing as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and summarily dismisses his motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2007, Jones pled guilty pursuant to a plea agreement to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). On June 18, 2007, the court sentenced Jones to 180 months' imprisonment. Judgment was entered on June 22, 2007. On June 20, 2008, Jones filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel due to his attorney's failure to file a direct appeal as requested. The court granted Jones' motion, vacated his sentence, and immediately reimposed and reinstated his judgment of conviction to allow Jones to appeal. (Opinion & Order 1-2, ECF No. 33.) On July 14, 2008, Jones appealed his conviction and sentence challenging the knowing and voluntary nature of his guilty plea to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed the court's judgment on January 22, 2009. United States v. Jones, No. 08-4720, 2009

WL 146731, at *1 (4th Cir. Jan. 22, 2009) (unpublished).  Jones filed a petition for writ of certiorari with the United States Supreme Court, which was denied on May 26, 2009.  Jones v. United States, 129 S. Ct. 2454 (2009).  Jones filed the instant motion on March 4, 2013.[1]  On March 12, 2013, the court ordered Jones to respond within fifteen (15) days of the date of the order "to notify the court of any basis why the instant motion should not be construed as his first § 2255 motion," or, if he wished the petition to be his first, "to add any additional claims for relief he wishe[d] the court to consider."  (March 12, 2013 Order 2-3, ECF No. 54.)  On April 1, 2013, Jones responded to the motion, but he did not provide any basis why the court should not recharacterize the instant motion as one under § 2255.  However, Jones stated that "lacking the knowledge to make an informed decision," he could not "concur with the [c]ourt."  (Jones Reply 2, ECF No. 57.)

## II. Discussion of the Law

Jones filed the instant motion under Rule 60(b) contending that he was inappropriately sentenced to 180 months' imprisonment as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  (Jones Mem. Supp. Mot. 5-6, ECF No. 53.)  In accordance with United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008), the court in its March 12, 2013 Order informed Jones "of its intent to recharacterize the [filing as a § 2255 motion], warning the prisoner of the effects of recharacterization, and giving the prisoner an opportunity to withdraw or amend its motion."  Id. at 131.  Jones replied that he did not "concur" with the court's intended actions, but he did not withdraw or amend his motion.  (Jones Reply 2, ECF No. 57.)

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

Because Jones collaterally attacks the validity of his sentence by challenging his status as an armed career criminal, the court construes the instant motion as a motion to vacate, set aside, or correct his sentence pursuant to § 2255.[2] See Scott v. United States, 761 F. Supp. 2d 320, 323 (E.D.N.C. Jan. 24, 2011) ("It is the substance of the motion, not the label or name assigned to it by a *pro se* petitioner, that determines whether a court views the motion as arising under section 2255.") (citing Raines v. United States, 423 F.2d 526, 528 (4th Cir. 1970)); see also Moon v. United States, No. 6:06-cr-00638-GRA, 2010 WL 1418247, at *1 (D.S.C. Apr. 6, 2010) (unpublished) (challenging armed career criminal status in a § 2255 motion).

There is a one-year statute of limitations for filing a motion under § 2255, which provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Jones' motion is not a second or successive § 2255 motion because the court granted his previous § 2255 motion, vacated his sentence, then immediately reimposed and reinstated his judgment of conviction to allow Jones to file a direct appeal. In re Goddard, 170 F.3d 435, 438 (4th Cir. 1999) ("[W]hen a prisoner's first § 2255 motion is granted to reenter judgment and permit a direct appeal, the counter of collateral attacks pursued is reset to zero.") (internal quotation marks omitted).

3

28 U.S.C. § 2255(f). Jones' judgment of conviction became final when the United States Supreme Court denied his petition for a writ of certiorari. Clay v. United States, 537 U.S. 522, 527 (2002) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The Supreme Court denied Jones' petition for writ of certiorari on May 26, 2009. Jones v. United States, 129 S. Ct. 2454 (2009). Thus, his conviction became final for the purpose of § 2255's one-year statute of limitations on May 26, 2009. The instant § 2255 motion was filed on March 4, 2013. As such, Jones' motion is clearly time-barred under § 2255(f)(1).

In addition, Jones' motion is time-barred under § 2255(f)(2). Jones does not allege that any impediment created by the government prevented him from filing the instant motion, and there is no evidence of any impediment. As such, Jones' motion is untimely under § 2255(f)(2). Further, to the extent Jones argues that the Supreme Court recognized a new right under Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010),[3] that case was decided on June 14, 2010, and is not retroactively applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012) ("[W]e hold that Carachuri is a procedural rule. It is,

---

[3]The Supreme Court in Carachuri held "that when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under [8 U.S.C.] § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act,' 18 U.S.C. § 924(c)(2)." Carachuri, 130 S. Ct. at 2589. "The Supreme Court's holding in *Carachuri* altered neither the range of conduct nor the class of persons that could be punishable under any criminal statute. . . . The only novelty introduced by *Carachuri* is the procedure for determining whether a defendant's prior conviction qualifies as an aggravated felony." United States v. Powell, 691 F.3d 554, 559 (4th Cir. 2012) (internal quotation marks omitted). Jones argues that pursuant to Carachuri, "the defendant must have been actually convicted of a crime that is itself punishable as a felony under federal law." (Jones Mem. Supp. § 2255 Mot. 11, ECF No. 53.) A felony continues to be defined as a crime for which the maximum term of imprisonment authorized is more than one year. 18 U.S.C. § 3559(a).

4

therefore, not retroactively applicable to cases on collateral review."). Thus, Jones' motion is untimely under § 2255(f)(3). Finally, § 2255(f)(4) does not permit Jones to bring an otherwise untimely motion as the facts supporting his claims were available to him through the exercise of due diligence as of the date judgment was entered. Therefore, Jones' § 2255 motion is time-barred.

Generally the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a petition brought under § 2255). However, the court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ." Hill, 277 F.3d at 707.

Jones claims that the court erred in sentencing him as an armed career criminal under § 924(e) because "he did not spend more than one year and one day imprisonment [sic] for any of the crimes [he] committed." (Jones Mem. Supp. § 2255 Mot. 11, ECF No. 53.) Jones' argument is without merit.

> [I]n evaluating whether a defendant's prior state conviction qualifies as a felony under the ACCA, the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment. Thus . . . a court must analyze whether the particular defendant, rather than a defendant with the worst possible criminal history, could have received a sentence in excess of one year for the offense.

United States v. Thompson, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. May 8, 2012) (unpublished).  Although Jones never served more than one year in prison for any of his prior offenses, Jones has three predicate offenses that qualify him under the ACCA.  First, Jones was convicted of two counts of burglary on July 11, 1989, and was sentenced to seven years' imprisonment on both counts, though the sentences were suspended to two years' probation. (Presentence Investigation Report ¶ 18, ECF No. 25.)  Second, Jones was convicted of one count of burglary on May 3, 1996, and was sentenced to ten years' imprisonment, though the sentence was suspended to one year.  (Id. ¶ 32.)  Third, on December 22, 2001, Jones was convicted of possession with intent to distribute crack cocaine and marijuana and possession with intent to distribute marijuana within one-half mile of a school.  (Id. ¶ 35.)  Jones was sentenced to six years' imprisonment for the possession with intent to distribute marijuana within one-half mile of a school charge, though the sentence was suspended upon the service of ninety days imprisonment followed by three years' probation.  (Id.)  Jones' three predicate offenses were punishable by imprisonment of greater than one year.  Thus, the court did not err in sentencing Jones to 180 months' imprisonment pursuant to the ACCA.

Based on the foregoing, there is nothing in the record that warrants application of the doctrine of equitable tolling.  This is not one of "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

It is therefore

**ORDERED** that Jones' § 2255 motion, docket number 53, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Jones has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 11, 2013

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.